| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave., Suite 406<br>Westmont, NJ 08018<br>(215) 627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for FV-1, Inc. in trust for Morgan Stanley Mortgage Capital Holdings, LLC | Order Filed on May 9, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Thomas Patrick Darby & Audrey Marie Darby,<br><br>Debtors. | Case No.: 18-13919-RG<br>Adv. No.:<br>Hearing Date:  5/2/18 @ 9:00 a.m.<br><br>Judge:  Rosemary Gambardella |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: May 9, 2018**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

Page 2
Debtor: Thomas Patrick Darby & Audrey Marie Darby
Case No.: 18-13919-RG
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, FV-1, Inc., in trust for Morgan Stanley Mortgage Capital Holdings, LLC, the holder of a second mortgage on property known as 232 Doremus Avenue, Ridgewood, NJ 07450, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Brian Hannon, Esq., attorney for Debtors, and for good cause having been shown, it is hereby **ORDERED, ADJUDGED and DECREED:**

- FV-1's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.
- The avoidance of FV-1's second lien is contingent upon the Debtors' completion of the Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge.
- FV-1 shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.
- Each party shall bear their own attorney's fees and costs incurred in the present case number.
- Until such time as a discharge is entered, in the event that the property is destroyed or damaged, pursuant to the mortgage, FV-1 is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage, subject to any prior liens or superior mortgages.
- In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 plan, FV-1's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
- FV-1 shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge.
- FV-1's objection is hereby resolved.