**Last revised: August 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: _____18-13919_____ |
| Thomas Patrick Darby and <br> Audrey Marie Darby | Judge: _____RG_____ |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: ___May 17, 2018___

☒ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___BGH___     Initial Debtor: ___TPD___     Initial Co-Debtor: ___AMD___

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1,600_____ per _____month_____ to the Chapter 13 Trustee, starting on _____March 1, 2018_____ for approximately _____3_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: Mortgage held by Fay Servicing, LLC on 232 Doremus Ave, Ridgewood, New Jersey 07450
Proposed date for completion: August 1, 2018

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

This will be a tiered plan.  The Debtor will make three monthly payments of $1,600 and then 57 monthly payments of $1,800.

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ As allowed by the Court |
| DOMESTIC SUPPORT OBLIGATION | | |
| State of New Jersey, Division of Taxation | NJ State Tax Debt - Priority | $4,389.64 |
| Internal Revenue Service | Federal Tax Debt - Priority | $42,972.49 |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Fay Servicing, LLC | 232 Doremus Ave, Ridgewood, New Jersey 07450 | $81,005.00 | 0% | Arrears due to Creditor to be curred outside of the plan through loan modification | Regular monthly mortgage payments paid directly to creditor outside of the plan in the approximate amount of $3,427.00 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Specialized Loan Services - on behalf of FV-1 Inc. | 232 Doremus Ave, Ridgewood, NJ 07450 | $198,199.73 | $597,500.00 | $637,828.00 | $0.00 | 0% | $0.00 |
| Internal Revenue Service | Real and Personal Property | $70,281.00 | $597,500 real property; $20,720.57 Personal Property | $637,828.00 Mortgage on Residence | $20,720.57 | 5% | $23,461.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

    Internal Revenue Service - Tax Lien
    Chase Auto Finance - Car Loan
    New Liberty Loans Pawn Shop - Lien on Debtor's Wedding Ring

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

    The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Chase Auto Finance | 2008 Subaru Impreza | $912.00 |
| New Liberty Loans Pawn Shop | Debtor's Wedding Ring | $4,000.00 |
| Internal Revenue Service | All of Debtor's rights, title and interest in property - 26 U.S.C. § 6321 | $23,461.00 |
| Commission Express | UCC Financing Statement Filed on May 11, 2017 | $1,247.58 |

**Part 5:    Unsecured Claims** ☐ **NONE**

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $ _____ to be distributed *pro rata*

        ☐ Not less than _____ percent

        ☒ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6:    Executory Contracts and Unexpired Leases** ☒ **NONE**

    (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

**Part 7:   Motions** ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Specialized Loan Services - on behalf of FV-I, Inc. | 232 Doremus Ave, Ridgewood, New Jersey 07450 | $198,199.73 | $597,500.00 | $637,828.00 | $0 | $198,199.73 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Internal Revenue Service | All Real and Personal Property of the Debtors | $70,281.00 | $597,500.00 real property; $20,720.57 personal property | $20,720.57 | $54,648.43 |

### Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Priority Claims
4) Secured Claims   5) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification** ☐ **NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: May 17, 2018                                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The plan is being modified to include the Priority Debt owed to the Internal Revenue Service. The interest rate due to the IRS on it's secured claim is also being increased to 5%. | The IRS priority claim in the amount of $42,972.49 is being added to the plan and the interest rate on the IRS' secured claim is being increase to 5%. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 05/18/2018                                    /s/ Brian G. Hannon, Esq.
                                                    Attorney for the Debtor

Date: 05/18/2018                                    /s/ Thomas Patrick Darby
                                                    Debtor

Date: 05/18/2018                                    /s/ Audrey Marie Darby
                                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 05/18/2018                                        /s/ Brian G. Hannon, Esq.
                                                        Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 05/18/2018                                        /s/ Thomas Patrick Darby
                                                        Debtor

Date: 05/18/2018                                        /s/ Audrey Marie Darby
                                                        Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                         Case No. 18-13919-RG
Thomas Patrick Darby                                                           Chapter 13
Audrey Marie Darby
        Debtors

## CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: admin              Page 1 of 2              Date Rcvd: May 22, 2018
                              Form ID: pdf901          Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2018.
```
db/jdb          Thomas Patrick Darby,    Audrey Marie Darby,    232 Doremus Avenue,    Ridgewood, NJ   07450-4242
cr             +Fay Servicing, LLC, as servicer for PROF-2013-S3 L,    McCalla Raymer Leibert Pierce, LLC,
                 99 Wood Avenue South, Suite 803,    Iselin, NJ 08830-2713
517359993       ACN Communications,    1000 Progress Pl,    Concord, NC   28025-2449
517359994       Chase Auto Finance,    PO Box 901003,    Fort Worth, TX   76101-2003
517379774      +FV-I, Inc. Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517359997       Fay Servicing, LLC,    440 S La Salle St Ste 2000,    Chicago, IL   60605-5011
517492822      +Fay Servicing, LLC,    Bankruptcy Department,    3000 Kellway Dr., Ste 150,
                 Carrollton, TX 75006-3357
517359999       Lynette Joy Goodman,    33-11 Broadway Ste 206,    Fair Lawn, NJ   07410-4638
517360000       Milstead & Assoc.,    1 E Stow Rd,    Marlton, NJ   08053-3118
517360002       NJ E-ZPass Violations Processing Center,    PO Box 4971,    Trenton, NJ   08650-4971
517360003       NY E-ZPass Violation Processing Unit,    PO Box 15186,    Albany, NY   12212-5186
517360001       New Liberty Loans Pawn Shop,    67 W 47th St,    New York, NY   10036-8296
517360004       Oradell Animal Hospital,    580 Winters Ave,    Paramus, NJ   07652-3902
517360005       Specialized Loan Services,    8742 Lucent Blvd Ste 300,    Highlands Ranch, CO   80129-2386
517360006       State of NJ-Division of Taxation,    Revenue Processing Center,    PO Box 193,
                 Trenton, NJ   08646-0193
517360007       The Port Authority of NY & NJ,    Violations Processing Center,    PO Box 15186,
                 Albany, NY   12212-5186
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 22 2018 23:04:39     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 22 2018 23:04:36     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com May 22 2018 23:02:14
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
517359995       E-mail/Text: info@cenj.com May 22 2018 23:04:29     Commission Express,    PO Box 354,
                 Gladstone, NJ   07934-0354
517359996       E-mail/Text: bankruptcy_notifications@ccsusa.com May 22 2018 23:05:20
                 Credit Collection Service,    PO Box 710,    Norwood, MA   02062-0710
517359998       E-mail/Text: cio.bncmail@irs.gov May 22 2018 23:04:10     IRS-Centralized Insolvency Operations,
                 PO Box 7346,    Philadelphia, PA   19101-7346
517364084      +E-mail/PDF: gecsedi@recoverycorp.com May 22 2018 23:01:52     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517515535      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 22 2018 23:08:42     Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 8
```

```
                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2018                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2018 at the address(es) listed below:
              Brian Gregory Hannon    on behalf of Joint Debtor Audrey Marie Darby bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com
              Brian Gregory Hannon    on behalf of Debtor Thomas Patrick Darby bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: May 22, 2018
                              Form ID: pdf901          Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Denise E. Carlon    on behalf of Creditor    FV-1, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
        Kevin Gordon McDonald    on behalf of Creditor    FV-1, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC kmcdonald@blankrome.com,    bkgroup@kmllawgroup.com
        Kevin Gordon McDonald    on behalf of Creditor    PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National Association, as Legal Title Trustee kmcdonald@blankrome.com,    bkgroup@kmllawgroup.com
        Marie-Ann Greenberg    magecf@magtrustee.com
        Melissa N. Licker    on behalf of Creditor    Fay Servicing, LLC, as servicer for PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National Association, as Legal Title Trustee NJ_ECF_Notices@McCalla.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

        TOTAL: 8